**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROVEL STIVEN VELASQUEZ-GUTIERREZ,** *Plaintiff,* | § § § § § § § § § § § | |
| *v.* | | **NO. 1:26-CV-01066-ADA** |
| **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,** *Defendant.* | | |

## ORDER

On this day, the Court considered Petitioner **ROVEL STIVEN VELASQUEZ-GUTIERREZ**'s Petition for Writ of Habeas Corpus. Dkt. 1. The Court ordered Federal Respondents to show cause (Dkt. 5) and Federal Respondents responded (Dkt. 6) raising the issue that the Court lacks jurisdiction to review the immigration judges' decisions provided during Petitioner's individualized bond hearing. Petitioner claims he was denied a bond hearing (Dkt. 1 at 2, 3), but also stated that "the Court asserted in a conclusory manner that the Petitioner poses a flight risk" (*Id.* at 4) which was referring to the Immigration Judge's determination that Petitioner poses a significant flight risk. The Immigration Judge's determination and order in Petitioner's bond hearing is found attached to Petitioner's Petition (Dkt. 1-2).

Courts in this District have held that there is no judicial review of IJ bond determinations. *See, e.g., Leon-Gonzalez v. Anda-Ybarra, et al.*, 3-26-cv-00026-KC (W.D. Tex. February 10, 2026) (ECF No. 12) ("This Court lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond."); *Gonzalez Cambar v. Bondi*, 5:26-CV-210-OLG (W.D. Tex. Dec. February 20, 2026) (ECF No 11) ("While petitioner may be frustrated with the result of that hearing, this Court lacks jurisdiction to review the discretionary

judgment of the immigration judge."). This Court agrees and finds that it lacks jurisdiction to review the IJ's determination that Petitioner poses a flight risk and denying bond. "The [Secretary's] *discretionary judgment* regarding the *application* [of § 1226] shall not be subject to review. No court may set aside any action or decision by the [Secretary] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Nielsen v. Preap*, 586 U.S. 392, 401, 139 S. Ct. 954, 961--62, 203 L. Ed. 2d 333 (2019) (emphasis added). Section 1226(e)'s limitation on jurisdiction applies to "discretionary" decisions about the "application" of § 1226 to particular cases. *See id.*

Petitioner's IJ decision was a discretionary decision made about whether Petitioner was entitled to bond under § 1226. The IJ determined that Petitioner posed a flight risk and was not eligible for bond. The Court finds that it lacks jurisdiction to review that decision and therefore **DISMISSES WITHOUT PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus for lack of jurisdiction.

As the Court lacks jurisdiction to resolve Petitioner's Petition, the Clerk's Office is respectfully directed to **CLOSE** this case.

**IT IS SO ORDERED.**

**SIGNED ON MAY 5, 2026.**

_____
**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**